**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHEILA D. SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| OPPORTUNITY INTERNATIONAL, INC., | ) | |
| OPPORTUNITY INTERNATIONAL USA, | ) | |
| VICKI ESCARRA and CONNIE STRYJAK, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Sheila D. Schwartz, by her undersigned counsel, TARPEY WIX LLC, and for her Complaint against Defendants, Opportunity International, Inc., Opportunity International USA, Vicki Escarra and Connie Stryjak, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 USC 1331 as the matter in question deals with a federal question under 29 USC 1001 *et seq.* and 28 USC 1332 as the matter in question exceeds the sum of $75,000 and involves citizens of different states.

2. Venue is proper in this Court pursuant to 28 USC 1391(b) as Defendant Opportunity International, Inc. and Opportunity International USA are domiciled in this judicial district and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

**PARTIES**

3. Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

4. Sheila Schwartz ("Schwartz" or "Plaintiff") is a resident of Adrian, Michigan.

1

5. Opportunity International, Inc. ("Defendant") is a corporation registered in the state of Illinois with a principal place of business at 2122 York Road, Suite 150, Oak Brook, Illinois 60523.

6. Opportunity International USA, is upon information and belief, a domestic limited liability company registered in the state of Delaware with a principal place of business at 2122 York Road, Suite 340, Oak Brook, Illinois 60523 ("OIUSA", and together with Opportunity International, Inc., the "Corporate Defendants").

7. Vicki Escarra is the CEO of Opportunity International and is domiciled in Illinois, transacts business in Illinois and the surrounding areas, and committed tortious acts in Illinois ("Individual Defendant").

8. Connie Stryjak is the Chief Human Resources Officer of Opportunity International and is domiciled in Illinois, transacts business in Illinois, and committed tortious acts in Illinois ("Individual Defendant").

## FACTS COMMON TO ALL COUNTS

9. In 2012 Schwartz was employed by ProMedica, a non-profit health care system with $1.4 billion in 2012 operating revenue. Schwartz had been employed at ProMedica since 1993 and enjoyed compensation and benefits commensurate with her position at an institution the size of ProMedica.

10. Vicki Escarra, the Chief Executive Officer of Defendants and Connie Stryjak, Defendants' Sr. Vice President for Human Resources, approached Schwartz about accepting the position of Chief Philanthropic Officer for Opportunity International, Inc.

11. Schwartz declined Defendants' offer because she was hesitant to give up the salary, stability and tenure of her position at ProMedica, especially as she was a widow, and consequently the sole provider for two teenage children.

12. In an effort to induce Schwartz to accept the position, Defendants offered a separation agreement as an addendum to the proposed employment agreement between Schwartz and Defendants. (A true and accurate copy of the "Separation Agreement" is attached hereto as Exhibit 1.) The Separation Agreement was incorporated into the employment contract between Defendants and Schwartz. (A true and accurate copy of the "Contract" is attached hereto as Exhibit 2.)

13. Under the terms of the Separation Agreement, Schwartz was entitled to receive twelve months of her base salary payable in equal installments in accordance with Defendants' regular payroll schedule.

14. Relying upon the security provided by the Separation Agreement, Schwartz resigned from her position with ProMedica and accepted the position of Chief Philanthropic Officer for Opportunity International. She began working for Defendants on February 18, 2013.

15. Schwartz performed her job ably and exceeded the performance goals established by Defendants for 2013. In fact, Schwartz performed so well that she was awarded a $30,000 bonus for her 2013 performance, in addition to her annual salary.

16. Defendants received the full benefit of Schwartz's services as envisioned by the Contract.

17. In spite of Schwartz's superior performance of her duties, without any advance notice or warning, Defendants notified Schwartz on May 6, 2014 that her employment was to be terminated immediately.

3

18. Defendants lacked any legitimate grounds to terminate Schwartz's employment.

19. Defendants' stated reason for the termination of Schwartz's employment was not a valid reason, and had never been mentioned to Schwartz during her 15 months of employment, nor during her performance evaluation.

20. On May 11, 2014, Schwartz complied with the terms of the Separation Agreement by transmitting a signed copy of the Separation Agreement to Defendants.

21. Per the terms of the Separation Agreement, Schwartz should have received the first payment on the first regular payroll after her termination. However, Defendants notified Schwartz through their attorney that they did not intend to comply with the payment provisions of the Separation Agreement, and Schwartz has received no payments to date.

22. Pursuant to the terms of the Employment Contract, Schwartz was to receive "3 weeks of vacation and 12 sick days each calendar year."

23. Defendants failed to pay Schwartz for twelve unused sick days and 7.5 unused vacation days.

24. Schwartz requested payment from Defendants for the unused days.

25. Defendants refused payment for the unused days, citing to policies outside the contract, which Schwartz was not bound by.

26. Upon information and belief, the unlawful refusal to pay Schwartz compensation for the unused days was done at the direction of Vicki Escarra and Connie Stryjak.

27. Defendants acted willfully with malice and reckless disregard for Schwartz's rights, such that Schwartz is entitled to liquidated and/or punitive damages.

## COUNT I
## BREACH OF CONTRACT
### (Against the Corporate Defendants)

28. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 19 as though fully stated herein.

29. Schwartz and Defendants executed a valid and enforceable contract when both parties signed the letter agreement dated November 26, 2012.

30. Schwartz performed all of her duties due under the Contract.

31. Defendants materially breached the Contract when they failed to begin to make the severance payments due under the Contract, and when they failed to pay Schwartz for unused vacation and sick days, which breach continues.

32. As a direct and proximate result of Defendants' breach of the Contract, Schwartz has suffered damages, and continues to suffer damages, in excess of $75,000.00.

**COUNT II**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
**(Against the Corporate Defendants)**

33. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34. Defendants, and each of them, owed Schwartz an implied duty of good faith and fair dealing in the performance of their duties under the Contract. The implied covenant of good faith and fair dealing precludes Defendants from doing anything that would injure the right of Schwartz, to receive or enjoy the benefits afforded her under the Contract. Defendants had an obligation not to do anything that would frustrate or prevent Schwartz's right to receive the benefits of the Contract.

35. Defendants breached the implied covenant of good faith and fair dealing by terminating Schwartz's employment, without cause and in violation of the terms and conditions of the Contract and using that termination as a pretext for refusing to pay Schwartz the severance

benefits required under the Separation Agreement, and for refusing to pay Schwartz for her unused vacation and sick days. Defendants' conduct was unreasonable and in bad faith.

36. As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Defendants have caused damages to Schwartz in an amount in excess of $75,000.00.

## COUNT III
## EMPLOYEE RETIREMENT INCOME SECURITY ACT 29 USC 1001 ET SEQ.
### (Against the Corporate Defendants)

37. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

39. The Separation Agreement and vacation and sick day benefit plans are governed by the provisions of the Employee Retirement Income Security Act, 29 USC 1001 et seq.

40. In terminating Schwartz's employment, Defendants acted with the intent to interfere with Schwartz's benefit, in violation of 29 USC 1140.

41. As a direct result of Defendants' action, Schwartz has been damaged in that she was unable to avail herself of the benefit of the Separation Agreement or Defendants' vacation and sick day benefits plans, causing her to lose the monetary benefits associated with said plans.

## COUNT IV
## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## 820 ILCS 115/1 ET SEQ.
### (Against the Corporate Defendants)

42. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 41 as though fully set forth herein..

43. The Illinois Wage Payment and Collection Act ("IWPCA") applies to all employers and employees in the State of Illinois. 820 ILCS 115/1.

44. The purpose of the IWPCA is to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation and redress for an employer's wrongful withholding of employee benefits.

45. Plaintiff is an "employee" under the IWPCA. 820 ILCS 115/2.

46. The Corporate Defendants are "employers" under the IWPCA. 820 ILCS 115/2.

47. As alleged herein the parties entered into a valid and enforceable Contract prior to the commencement of Plaintiff's employment.

48. The compensation due Plaintiff under the Contract for unused vacation time, and unused sick time pursuant to the Contract, are "wages" and once Plaintiff was terminated constitute "final compensation" under the IWPCA. 820 ILCS 115/2.

49. By failing to provide the compensation due Schwartz under the Contract for these unpaid wages, Defendants have breached the Contract and violated the IWPCA.

50. Schwartz was due these unpaid wages paid in full at the time of her termination, but in no case later than the next regularly scheduled payday. 820 ILCS 115/5.

51. Schwartz is entitled to the recovery of statutory penalties as well as all costs and reasonable attorneys' fees associated with bringing this action. 820 ILCS 115/14.

52. Defendants' refusal to pay Schwartz wages and final compensation as provided in the IWPCA was willful and with reckless disregard of the law.

## COUNT V
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AND WAGE THEFT ENFORCEMENT ACT
## 820 ILCS 115/1 ET SEQ., 820 ILCS 115/13
### (Against Vicki Escarra and Connie Stryjak)

53. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 52 as though fully set forth herein.

54. The Illinois Wage Payment and Collection Act ("IWPCA") applies to all employers and employees in the State of Illinois. 820 ILCS 115/1.

55. The purpose of the IWPCA is to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation and redress for an employer's wrongful withholding of employee benefits.

56. Schwartz is an "employee" under the IWCPA. 820 ILCS 115/2.

57. Vicki Escarra and Connie Stryjak are "employers" under the IWCPA. 820 ILCS 115/2 and 820 ILCS 115/13.

58. As alleged herein, the parties entered into a valid and enforceable Contract prior to the commencement of Plaintiff's employment.

59. The compensation due Plaintiff under the Contract for unused vacation time and unused sick time pursuant to the Contract are "wages" and, once Plaintiff was terminated constitute "final compensation" under the IWPCA. 820 ILCS 115/2.

60. By failing to provide the compensation due Schwartz under the Contract for these unpaid wages, Vicki Escarra and Connie Stryjak breached the Contract and violated the IWPCA.

61. Schwartz was due these unpaid wages paid in full at the time of her termination, but in no case later than the next regularly scheduled payday. 820 ILCS 115/5.

62. Upon information and belief, Defendants willfully violated the IWPCA at the direction and instruction of Vickie Escarra and Connie Stryjak, both officers and agents of the Corporate Defendants who knowingly and willfully permitted the Corporate Defendants to violate the IWPCA. 820 ILCS 115/2 and 820ILCS 115/13.

63. Accordingly, under the Wage Theft Enforcement Act, Vickie Escarra and Connie Stryjak are personally liable for knowingly permitting the Corporate Defendants to violate the IWPCA.

64. Plaintiff is entitled to the recovery of statutory penalties as well as all costs and reasonable attorneys' fees associated with bringing this action from Vickie Escarra and Connie Stryjak. 820 ILCS 115/14.

## COUNT VI
## ATTORNEYS' FEES IN WAGE ACTIONS ACT
## 705 ILCS 225/1 ET SEQ.
### (Against All Defendants)

65. Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

66. Section 1 of the Illinois Attorney Fees In Wage Actions Act (the "Attorney Fees Act") allows an employee to recover reasonable attorney fees in successful actions to recover wages due and owing, if the employee made a demand in writing for the wages due at least three days before the action was brought. 705 ILCS 225/1.

67. Plaintiff has made a demand on Defendants for wages due and owing at least three days before the filing of this action.

68. Accordingly, should Plaintiff prevail in this action for the recovery of wages due and owing by Defendants, Plaintiff is entitled to the recovery of reasonable attorneys' fees associated with bringing this action.

## COUNT VI
## PROMISSORY ESTOPPEL

69. Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

70. Through the Contract, Defendants made promises to Schwartz regarding severance pay, vacation days and sick days.

71. Defendants reasonably expected to induce Schwartz to leave her stable and long-term employment with ProMedica, in reliance on these promises, specifically using the promised severance pay to induce her to accept their offer of employment, even after Schwartz had already rejected their offer of employment.

72. Schwartz did accept Defendants' offer, and give up her stable, long-term position in reliance on Defendants' promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants on each and every count contained therein and grant the following damages and relief:

a)      lost past and future wages and benefits, including reduced retirement benefits;

b)      payment for unused vacation and sick days;

c)      statutory damages, penalties and attorneys' fees and costs under the Illinois Wage Payment and Collections Act;

d)      statutory damages, penalties and attorneys' fees and costs under the Illinois Wage Theft Enforcement Act;

e)      reasonable attorneys' fees and costs under the Attorneys' Fess in Wage Actions Act;

f)      an amount in excess of $75,000.00 in compensatory damages;

g)      an amount in excess of $75,000.00 for punitive damages;

h)      attorneys' fees and costs;

i)      prejudgment and post judgment interest;

j)      such other equitable and further relief as may be just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY.**

Respectfully submitted,

Dated: July 28, 2014          By: _____ /s/ Daniel W Tarpey_____

Daniel W. Tarpey
Kevin T. Mocogni
Tarpey Wix LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
Phone: (312) 948-9090
Fax: (312) 948-9105

*Counsel for Plaintiff*

*Schwartz v. Opportunity International, Inc., et al.*

## Index of Exhibits to Complaint

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Separation Agreement |
| 2 | Employment Agreement (the "Contract") |