UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA D. SCHWARTZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OPPORTUNITY INTERNATIONAL, INC., )<br>)<br>Defendant. ) | Case No. 1:14-cv-05775<br><br>Judge John W. Darrah |

## AMENDED COMPLAINT

Plaintiff Sheila D. Schwartz, by her undersigned counsel and for her Amended Complaint against Defendant Opportunity International, Inc., states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in question exceeds the sum of $75,000 and involves citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendant Opportunity International, Inc. is domiciled in this judicial district and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

### PARTIES

3. Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

4. Sheila Schwartz ("Schwartz" or "Plaintiff") is a resident of Adrian, Michigan.

5. Opportunity International, Inc. ("Defendant") is a corporation registered in the state of Illinois with a principal place of business at 2122 York Road, Suite 150, Oak Brook, Illinois 60523.

1

**FACTS COMMON TO ALL COUNTS**

6. In 2012, Schwartz was employed by ProMedica, a non-profit health care system with $1.4 billion in 2012 operating revenue. Schwartz had been employed at ProMedica since 1993 and enjoyed compensation and benefits commensurate with her position at an institution the size of ProMedica.

7. Vicki Escarra, the Chief Executive Officer of Defendant, and Connie Stryjak, Defendant's former Sr. Vice President for Human Resources, approached Schwartz about accepting the position of Chief Philanthropic Officer for Defendant.

8. Schwartz declined Defendant's offer because she was hesitant to give up the salary, stability and tenure of her position at ProMedica, especially as she was a widow, and consequently the sole provider for two teenage children.

9. In an effort to induce Schwartz to accept the position, Defendant offered a separation agreement as an addendum to the proposed employment agreement between Schwartz and Defendant. (A true and accurate copy of the "Separation Agreement" is attached hereto as Exhibit 1.) The Separation Agreement was incorporated into the employment contract between Defendant and Schwartz. (A true and accurate copy of the "Contract" is attached hereto as Exhibit 2.)

10. Under the terms of the Separation Agreement, Schwartz was entitled to receive twelve months of her base salary payable in equal installments in accordance with Defendant's regular payroll schedule.

11. Relying upon the security provided by the Separation Agreement, Schwartz resigned from her position with ProMedica and accepted the position of Chief Philanthropic Officer for Defendant. She began working for Defendant on February 18, 2013.

12. Schwartz performed her job ably and exceeded the performance goals established by Defendant for 2013. In fact, Schwartz performed so well that she was awarded a $30,000 bonus for her 2013 performance, in addition to her annual salary.

13. Defendant received the full benefit of Schwartz's services as envisioned by the Contract.

14. In spite of Schwartz's superior performance of her duties, without any advance notice or warning, Defendant notified Schwartz on May 6, 2014 that her employment was to be terminated immediately.

15. Defendant lacked any legitimate grounds to terminate Schwartz's employment.

16. Defendant's stated reason for the termination of Schwartz's employment was not a valid reason, and had never been mentioned to Schwartz during her 15 months of employment, nor during her performance evaluation.

17. On May 11, 2014, Schwartz complied with the terms of the Separation Agreement by transmitting a signed copy of the Separation Agreement to Defendant.

18. Per the terms of the Separation Agreement, Schwartz should have received the first payment on the first regular payroll after her termination. However, Defendant notified Schwartz through its attorney that Defendant did not intend to comply with the payment provisions of the Separation Agreement, and Schwartz has received no payments to date.

19. Defendant acted willfully with malice and reckless disregard for Schwartz's rights, such that Schwartz is entitled to liquidated and/or punitive damages.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 19 as though fully stated herein.

21. Schwartz and Defendant executed a valid and enforceable contract when both parties signed the letter agreement dated November 26, 2012.

22. Schwartz performed all of her duties due under the Contract.

23. Defendant materially breached the Contract when it failed to begin to make the severance payments due under the Contract, which breach continues.

24. Both the Separation Agreement and the Contract constitute written instruments under 815 ILCS 205/2.

25. As a direct and proximate result of Defendant's breach of the Contract, Schwartz has suffered damages, and continues to suffer damages, in excess of $75,000.00, which are easily calculable.

## COUNT II
## PROMISSORY ESTOPPEL

26. Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

27. Through the Contract, Defendant made promises to Schwartz regarding severance pay.

28. Defendant reasonably expected to induce Schwartz to leave her stable and long-term employment with ProMedica, in reliance on these promises, specifically using the promised severance pay to induce her to accept their offer of employment, even after Schwartz had already rejected its offer of employment.

29. Schwartz did accept Defendant's offer, and give up her stable, long-term position in reliance on Defendant's promises.

30. As a direct and proximate result of Defendant's actions, Schwartz has suffered damages, and continues to suffer damages, in excess of $75,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant on each and every count contained therein and grant the following damages and relief:

a) lost past and future compensation in an amount in excess of $75,000.00;

b) an amount in excess of $75,000.00 for punitive damages;

c) reasonable attorneys' fees and costs;

d) prejudgment and post judgment interest;

e) such other equitable and further relief as may be just and appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY.**

Respectfully submitted,

Dated: February 20, 2015    By:    /s/ Scot A. Hinshaw

Patricia A. Wise (admitted *pro hac vice*)
Zachary M. Clark (admitted *pro hac vice*)
Scot A. Hinshaw (ARDC #6304502)
NIEHAUS WISE & KALAS LTD
7150 Granite Circle, Suite 203
Toledo, OH 43617
419-517-9090
419-517-9091 (facsimile)
wise@nwklaw.com
clark@nwklaw.com
hinshaw@nwklaw.com

Daniel Tarpey
Kevin Mocogni
TAREY WIX LLC
225 West Wacker Drive, Suite 1515
Chicago, IL 60606
312-948-9090
312-948-9105 (facsimile)
dtarpey@tarpeywix.com
kmocogni@tarpeywix.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I certify that I caused a true and correct copy of the foregoing Amended Complaint to be filed with the court's CM/ECF system on February 20, 2015, which will send electronic notification of such filing to all attorneys of record in this matter.


                                                    /s/ Scot A. Hinshaw