IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELIA D. SCHWARTZ, | Case No. 1:14-CV-05775 |
| Plaintiff, | |
| v. | Judge: John W. Darrah |
| OPPORTUNITY INTERNATIONAL, INC., | |
| Defendant. | |

## ANSWER TO AMENDED COMPLAINT

Defendant, Opportunity International, Inc., by and through its attorneys, states for its Answer to Plaintiff's Amended Complaint as follows:

**COMPLAINT ¶1:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in question exceeds the sum of $75,000 and involves citizens of different states.

**ANSWER:**

Defendant admits the allegations in this paragraph, but denies that a violation of law occurred or that Plaintiff is entitled to relief.

**COMPLAINT ¶2:**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendant Opportunity International, Inc. is domiciled in this judicial district and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

**ANSWER:**

Defendant admits that venue is proper in this district and that Defendant is domiciled in this judicial district. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶3:**

Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 and 2 as if fully set forth herein.

**COMPLAINT ¶4:**

Sheila Schwartz ("Schwartz" or "Plaintiff") is a resident of Adrian, Michigan.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in this paragraph.

**COMPLAINT ¶5:**

Opportunity International, Inc. ("Defendant") is a corporation registered in the state of Illinois with a principal place of business at 2122 York Road, Suite 150, Oak Brook, Illinois 60523.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶6:**

In 2012, Schwartz was employed by ProMedica, a non-profit health care system with $1.4 billion in 2012 operating revenue. Schwartz had been employed at ProMedica since 1993 and enjoyed compensation and benefits commensurate with her position at an institution the size of ProMedica.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph.

**COMPLAINT ¶7:**

Vicki Escarra, the Chief Executive Officer of Defendant, and Connie Stryjak, Defendant's former Sr. Vice President for Human Resources, approached Schwartz about accepting the position of Chief Philanthropic Officer for Defendant.

**ANSWER:**

Defendant admits that Vicki Escarra is Defendant's Chief Executive Officer and that

Connie Stryjak was Defendant's Senior Vice President for Human Resources. Defendant denies

the remaining allegations in this paragraph.

2

**COMPLAINT ¶8:**

Schwartz declined Defendant's offer because she was hesitant to give up the salary, stability and tenure of her position at ProMedica, especially as she was a widow, and consequently the sole provider for two teenage children.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about what "offer" Plaintiff is referring to in this paragraph and therefore denies that allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶9:**

In an effort to induce Schwartz to accept the position, Defendant offered a separation agreement as an addendum to the proposed employment agreement between Schwartz and Defendant. (A true and accurate copy of the "Separation Agreement" is attached hereto as Exhibit 1.) The Separation Agreement was incorporated into the employment contract between Defendant and Schwartz. (A true and accurate copy of the "Contract" is attached hereto as Exhibit 2.)

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶10:**

Under the terms of the Separation Agreement, Schwartz was entitled to receive twelve months of her base salary payable in equal installments in accordance with Defendant's regular payroll schedule.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶11:**

Relying upon the security provided by the Separation Agreement, Schwartz resigned from her position with ProMedica and accepted the position of Chief Philanthropic Officer for Defendant. She began working for Defendant on February 18, 2013.

19046277v.3

**ANSWER:**

Defendant admits that Plaintiff became employed by Defendant as its Chief Philanthropic Officer for Defendant. Defendant denies that Plaintiff began working for Defendant on February 18, 2013. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Schwartz performed her job ably and exceeded the performance goals established by Defendant for 2013. In fact, Schwartz performed so well that she was awarded a $30,000 bonus for her 2013 performance, in addition to her annual salary.

**ANSWER:**

Defendant admits that Plaintiff received a $30,000 bonus and an annual salary. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Defendant received the full benefit of Schwartz's services as envisioned by the Contract.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶14:**

In spite of Schwartz's superior performance of her duties, without any advance notice or warning, Defendant notified Schwartz on May 6, 2014 that her employment was to be terminated immediately.

**ANSWER:**

Defendant admits that it notified Plaintiff on May 6, 2014 that her employment was terminated. Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶15:**

Defendant lacked any legitimate grounds to terminate Schwartz's employment.

**ANSWER:**

Defendant denies the allegations in this paragraph.

19046277v.3

**COMPLAINT ¶16:**

Defendant's stated reason for the termination of Schwartz's employment was not a valid reason, and had never been mentioned to Schwartz during her 15 months of employment, nor during her performance evaluation.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶17:**

On May 11, 2014, Schwartz complied with the terms of the Separation Agreement by transmitting a signed copy of the Separation Agreement to Defendant.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶18:**

Per the terms of the Separation Agreement, Schwartz should have received the first payment on the first regular payroll after her termination. However, Defendant notified Schwartz through its attorney that Defendant did not intend to comply with the payment provisions of the Separation Agreement, and Schwartz has received no payments to date.

**ANSWER:**

Defendant admits that Plaintiff has not received payments relating to the proposed "Separation Agreement." Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶19:**

Defendant acted willfully with malice and reckless disregard for Schwartz's rights, such that Schwartz is entitled to liquidated and/or punitive damages.

**ANSWER:**

Defendant denies the allegations in this paragraph.

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>

**COMPLAINT ¶20:**

Plaintiff restates and realleges the allegations contained in paragraphs 1 through 19 as though fully stated herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 19 as if fully set forth herein.

**COMPLAINT ¶21:**

Schwartz and Defendant executed a valid and enforceable contract when both parties signed the letter agreement dated November 26, 2012.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶22:**

Schwartz performed all of her duties due under the Contract.

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

**COMPLAINT ¶23:**

Defendant materially breached the Contract when it failed to begin to make the severance payments due under the Contract, which breach continues.

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

**COMPLAINT ¶24:**

Both the Separation Agreement and the Contract constitute written instruments under 815 ILCS 205/2.

**ANSWER:**

Paragraph 24 sets forth legal conclusions to which to which no response is required. To the extent that a response it required, Defendant denies the allegations in this paragraph.

**COMPLAINT ¶25:**

As a direct and proximate result of Defendant's breach of the Contract, Schwartz has suffered damages, and continues to suffer damages, in excess of $75,000.00, which are easily calculable.

**ANSWER:**

Defendant denies the allegations in this paragraph.

## COUNT II
## PROMISSORY ESTOPPEL

**COMPLAINT ¶26:**

Plaintiff restates and incorporates the allegations contained in the foregoing paragraphs as if fully rewritten.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 25 as if fully set forth herein.

**COMPLAINT ¶27:**

Through the Contract, Defendant made promises to Schwartz regarding severance pay.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶28:**

Defendant reasonably expected to induce Schwartz to leave her stable and long-term employment with ProMedica, in reliance on these promises, specifically using the promised severance pay to induce her to accept their offer of employment, even after Schwartz had already rejected its offer of employment.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶29:**

Schwartz did accept Defendant's offer, and give up her stable, long-term position in reliance on Defendant's promises.

**ANSWER:**

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph relating to Plaintiff previous employment. Defendant denies the remainder of the allegations in this paragraph.

**COMPLAINT ¶30:**

As a direct and proximate result of Defendant's actions, Schwartz has suffered damages, and continues to suffer damages, in excess of $75,000.00.

**ANSWER:**

Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant Opportunity International Inc. requests that the Court dismiss Plaintiff's Amended Complaint, with prejudice, and award Defendant its reasonable attorney's fees and non-taxable costs incurred in defending this matter.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiff is not entitled to recover on her breach of contract claim because the alleged contract did not constitute an offer of severance.

2. Plaintiff is not entitled to recover on her breach of contract claim because Defendant did what it was required to do under the alleged contract except anything it was prevented or excused from doing,

3. Plaintiff is not entitled to recover on her breach of contract claim based on her prior breach of the alleged contract when she materially breached its terms.

4. Plaintiff is not entitled to recover on her breach of contract claim to the extent that there was a mistake made as to the terms that were agreed to by the parties.

5. Plaintiff is not entitled to recover on her breach of contract claim as there was no mutual assent or "meeting of the minds" of the terms of the alleged contract.

6. Plaintiff is not entitled to recover on her breach of contract claim because she did not comply with a specific term or condition of the contract which was required before Defendant had any obligation to make payment.

7. Plaintiff is not entitled to recover on her claims to the extent they are barred by the statute of frauds.

8. Plaintiff's promissory estoppel claim is barred based on the doctrine of unclean hands.

9. At the time the alleged contract was entered into, it was intended to be the full agreement between the parties. Therefore, Plaintiff cannot now present evidence to change the agreement.

10. Plaintiff is barred from recovering on both a breach of contract claim and a promissory estoppel claim, as these are causes of action that must be pled in the alternative.

11. Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages, if any.

12. Defendant did not engage in any willful or malicious conduct and therefore Plaintiff is not entitled to recover liquidated or punitive damages.

13. Defendant reserves the right to add additional Affirmative Defenses that may become known during the course of this case.

**Dated: February 23, 2015**     Respectfully submitted,

OPPORTUNITY INTERNATIONAL, INC.,


By:  s/ Cintra B. McArdle
           One of Its Attorneys

Richard P. McArdle
Cintra B. McArdle
SEYFARTH SHAW LLP
131 South Dearborn Street – Suite 2400
Chicago, Illinois 60603
(312) 460-5000
rmcardle@seyfarth.com
cmcardle@seyfarth.com

9

19046277v.3

## CERTIFICATE OF SERVICE

I, Cintra B. McArdle, an attorney, hereby certify that on February 23, 2015 I caused this ANSWER TO AMENDED COMPLAINT to be served by the Court's ECF system on the following:

>Patricia A. Wise
>Zachary M. Clark
>Scot A. Hinshaw
>NIEHAUS WISE & KALAS LTD
>7150 Granite Circle, Suite 203
>Toledo, Ohio 43617
>wise@nwklaw.com
>clark@nwklaw.com
>hinshaw@nwklaw.com
>
>Daniel Tarpey
>Kevin Mocogni
>TARPEY WIX LLC
>225 West Wacker Drive - Suite 1515
>Chicago, IL 60606
>dtarpey@tarpeywix.com
>kmocogni@tarpeywix.com

By: s/Cintra B. McArdle

19046277v.3