UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| SHEILA D. SCHWARTZ, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 14-cv-5775 |
| v. | ) ) | Judge John W. Darrah |
| OPPORTUNITY INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheila Schwartz filed an Amended Complaint against Opportunity International, Inc. Plaintiff alleges one claim for breach of contract and one claim for promissory estoppel. Defendant filed a Motion for Summary Judgment [66], which was denied on February 23, 2016. On March 10, 2016, Defendant filed a Motion to Reconsider [81] the Court's order denying the Motion for Summary Judgment.[1] Defendant's Motion to Reconsider or, in the Alternative, Motion to Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [81] is denied.

### BACKGROUND

In brief, this case is a dispute between Plaintiff and Defendant over whether Plaintiff was fired for cause and whether she is entitled to a severance package. After discussions, Plaintiff accepted an offer from Defendant to become their Chief Philanthropic Officer ("CPO"). Plaintiff served as the Chief Philanthropic Officer from March 18, 2013, until her termination on May 6, 2014. The contract between the parties states: "You will work from your home office in Adrian, MI until the fall of 2014. During that time, you will be expected to spend approximately

---

[1] The Motion also asks, in the alternative, to certify the order for Interlocutory Appeal under 28 U.S.C. § 1292(b). The request to certify the order was denied in open court on March 22, 2016.

seven days per month working from the Oak Brook office. In the fall of 2014, it is anticipated that you will relocate to the Chicagoland area and work full-time from the headquarters location." Plaintiff was terminated after a meeting on May 6, 2014. At the meeting, Plaintiff was provided with a document that, among other things, stated that Plaintiff had not "been in Oak Brook/Chicago 7 days" since March 2013.

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

*Promissory Estoppel*

Defendant argues that the Court committed a manifest error of law in denying its Motion for Summary Judgment on Plaintiff's promissory estoppel claim. A claim for promissory estoppel, under Illinois law, "requires a plaintiff to prove that '(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment.'" *Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 676-77 (7th Cir. 2005) (quoting *Quake Constr., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990)). However, promissory estoppel does not give a party a second bite at the apple if their breach of contract

2

claim fails. *Dumas*, 416 F.3d 677. If "it is determined an enforceable contract exists then a party can no longer recover under a promissory estoppel theory." *Bohling v. Pharmacia Corp.*, 156 F. Supp. 2d 1010, 1017 (N.D. Ill. 2001) (citing *Doyle v. Holy Cross Hospital*, 708 N.E.2d 1140, 1148 (Ill. 1999)). Plaintiff may assert both claims but may not recover under both. If Defendant maintains that there is a valid, enforceable contract at trial, Plaintiff will be foreclosed from recovering under her promissory estoppel theory.

*Breach of Contract*

Defendant also argues that the Court committed manifest errors of law and fact in denying its Motion for Summary Judgment on Plaintiff's claim for breach of contract. "[W]hen a contract contains ambiguities that the parties must explain through extrinsic evidence, the trier of fact, not this court, must resolve the conflicting interpretations of the agreement." *Zemco Mfg., Inc. v. Navistar Int'l Transp. Corp.*, 270 F.3d 1117, 1127 (7th Cir. 2001). "In Illinois, '[a]n instrument is ambiguous only if the language used is reasonably or fairly susceptible to having more than one meaning. . . .'" *Bourke v. Dun & Bradstreet Corp.*, 59 F.3d 1032, 1036 (7th Cir. 1998) (quoting *Flora Bank & Trust v. Czyzewski*, 583 N.E.2d 720, 725 (Ill. App. Ct. 1991)).

Defendant argues that the Court did not consider the entirety of the contract and incorrectly focused only on the phrase "from the Oak Brook office." The contract states: "You will work from your home office in Adrian, MI until the fall of 2014. During that time, you will be expected to spend approximately seven days per month working from the Oak Brook office. In the fall of 2014, it is anticipated that you will relocate to the Chicagoland area and work full-

time from the headquarters location."[2] Defendant argues that the phrases "Adrian, MI" and "to spend" must lead to the conclusion that Plaintiff was required to be physically present in the Oak Brook office.

The Court considered the entirety of the contract, including those phrases. The term "to spend" does not make the "from the Oak Brook office" any less ambiguous. Nor does the inclusion of Plaintiff's home city earlier in the phrase necessarily require Plaintiff to work in Defendant's Oak Brook office. As Plaintiff argued in her response to the motion for summary judgment, the requirement to work from her home does not necessitate that she actually be in her home. The contract language, when viewed in its entirety, is subject to multiple reasonable interpretations and is therefore ambiguous.

Defendant also argues that the Court incorrectly considered the contract in the light most favorable to the Plaintiff and that the Court failed to consider the reasonableness of alternate interpretations of the contract. As to the consideration of the contract in the light most favorable to the Plaintiff, courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). There is a genuine dispute as to material facts, and those facts must be viewed in the light most favorable to the nonmoving party, *i.e.*, the Plaintiff. Regardless, as discussed above, the plain language of the contract is ambiguous when viewed in any light.

---

[2] Defendant also argues that the Court incorrectly stated that they disputed the term "approximately seven days." Defendant states that "approximately" is not in dispute because Plaintiff has admitted that she was not physically present in the Oak Brook office approximately seven days per month. Plaintiff responded that she was physically present in the office 4.8 days per month and working from the office 6.5 days per month. Though Defendant may not have made a legal argument to this effect, the clear implication of citing Plaintiff's testimony was to point out a dispute as to that subject.

Defendant also challenges the reasonableness of Plaintiff's interpretation of the contract. A contract is not ambiguous where a different interpretation is "grammatically inaccurate and unreasonable." *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc.*, 674 F.3d 630, 635 (7th Cir. 2012). Plaintiff argued that the contract was ambiguous because had the parties intended for her to by physically present in the Oak Brook office they would have used the term "working in" instead of "working from". The word "from" is:

> 1    a - used as a function word to indicate a starting point of a physical movement or a starting point in measuring or reckoning or in a statement of limits
>
> b - used as a function word to indicate the starting or focal point of an activity . . . .

Merriam-Webster Dictionary "from" (http://www.merriam-webster.com/dictionary/from). Thus, the contract states that Plaintiff was expected to start working from the Oak Brook office but not necessarily required to be in the Oak Brook office. Additionally, the contract states that Plaintiff was "expected to spend *approximately seven days* per month working from the Oak Brook office." Approximately seven days is an ambiguous term, as there is not a specific requirement. Plaintiff's argument that the contract language does not require her to be physically present in the Oak Brook office seven days per month is a reasonable interpretation.

Taking the contract language as a whole, the disputed phrase is ambiguous. Because the language is ambiguous, it must be sent to the trier of fact.

*Interlocutory Appeal*

Defendant also asks to certify the denial of summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Certification is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). The Seventh Circuit has laid out criteria for the grant of certification: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. . . . [and] the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). However, a "denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Id.* at 676. Further, "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either." *Id.* The denial of the motion for summary judgment is not a ruling on a question of law, and certification for an interlocutory appeal is inappropriate. Defendant's Motion to Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [81] is denied.

## CONCLUSION

Defendant's Motion to Reconsider or, in the Alternative, Motion to Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [81] is denied.

Date: _____May 4, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge